IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DORSEY DEAN ADAMS,**

                     **Plaintiff,**

     v.                                       **CASE NO. 05-3409-SAC**

**CHARLES CORNELL, et al.,**

                     **Defendants.**

**O R D E R**

Before the court is a complaint filed under 42 U.S.C. 1983 by a prisoner confined in the Jackson County Detention Center in Holton, Kansas. Also before the court is plaintiff's motion for leave to proceed in forma pauperis under 28 U.S.C. 1915.

Pursuant to 28 U.S.C. 1915(b)(1), plaintiff must pay the full $250.00 filing fee in this civil action. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this filing fee over time, as provided by payment of an initial partial filing fee to be assessed by the court under 28 U.S.C. 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as detailed in 28 U.S.C. 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis in the instant matter without payment of an initial partial filing

---

[1] *See* Adams v. Ost, Case No. 01-3181-SAC (remainder of $150.00 district court filing fee); Adams v. BAC, Inc., Case No. 03-3444-SAC ($150.00 district court filing fee).

fee. Once these prior fee obligations have been satisfied, however, payment of the full district court filing fee in this matter is to proceed under 28 U.S.C. 1915(b)(2).

Plaintiff seeks damages for defendants' alleged interference in plaintiff's access to the courts while plaintiff was confined in the Jackson County facility between April 4 and June 3, 2005, on arrest warrants issued by the Kansas Parole Board and Jackson County. Plaintiff states he did not discover until May 5, 2005, that the court had granted summary judgment to defendants on December 28, 2004, in the section 1983 lawsuit plaintiff filed in 2001, <u>Adams v. Ost</u>, Case No. 01-3181-SAC. Plaintiff then submitted a notice of appeal, docketed in that district court case on May 9, 2005. On June 24, 2005, the Tenth Circuit Court of Appeals dismissed the appeal as untimely filed, and noted plaintiff's failure to file a motion in the district court to reopen the time for filing an appeal as provided under Rule 4(a)(6)[2] of the Federal Rules of Appellate Procedure.[3] Almost

---

[2]Rule 4(a)(6) authorizes the district court to reopen for fourteen days the time to file an appeal, but only if the court finds all three subsections of the rule are satisfied. The subsections read:
    (A) the motion is filed within 180 days after the judgment or order is entered or within 7 days after the moving part receives notice of the entry, whichever is earlier;
    (B) the court finds that the moving party was entitled to notice of the entry of the judgment or order sought to be appealed but did not receive the notice from the district court or any party within 21 days after entry; and
    (C) the court finds that no party would be prejudiced.

[3]On September 28, 2005, plaintiff filed a motion for an extension of time to file an appeal in 01-3181-GTV, and a notice of appeal from the final order and judgment entered in that case on December 28, 2004. By an order dated October 12, 2005, this

four months later, plaintiff filed the instant complaint to seeks damages from Jackson County defendants for their failure to provide sufficient legal resources or assistance to advise plaintiff of court rules, specifically Rule 4(a)(6).

Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. 1915A(a) and (b).  To allege a valid claim under 42 U.S.C. 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992).  To proceed in federal court on allegations regarding the conditions of a prisoner's confinement, full exhaustion of administrative remedies is first required.  42 U.S.C. 1997e(a).

In this case, plaintiff pursued administrative remedies in a grievance dated October 6, 2005, upon his return to the Jackson County facility.  Notably, the response to this grievance cited plaintiff's failure to request any assistance with legal filings during plaintiff's earlier two month confinement.

It is settled that inmates have a constitutional right of access to the courts.  <u>Bounds v. Smith</u>, 430 U.S. 817 (1977). This right of access "requires prison authorities to assist

---

court denied plaintiff's motion as filed  well outside the reach of Fed.R.App.P. Rule 4(a)(6).  On October 24, 2005, the Tenth Circuit Court of Appeals dismissed the appeal as untimely filed.

inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Id. at 828. The Supreme Court has emphasized, however, that this right has not been extended "further than protecting the ability of an inmate to prepare a petition or complaint." Wolff v. McDonnell, 418 U.S. 539, 576 (1974). *See* Carper v. DeLand, 54 F.3d 613, 616-17 (10th Cir. 1995)(right of access to courts extends only to preparation and filing of habeas corpus petition or to initial pleadings in civil rights actions challenging conditions of confinement). "Other than habeas corpus or civil rights actions regarding current confinement, a state has no affirmative constitutional obligation to assist inmates in general civil matters." Id. Additionally, a prisoner must demonstrate the alleged shortcomings impaired his ability to pursue a nonfrivolous legal claim. Lewis v. Casey, 518 U.S. 343, 351 (1996) *See also* Treff v. Galetka, 74 F.3d 191, 194 (10th Cir. 1996)(to state claim of denied access to the court, inmate "must show that any denial or delay of access to the court prejudiced him in pursuing litigation").

Applying these constitutional standards to plaintiff's allegations, the court finds the complaint is subject to being dismissed as stating no claim for relief.

Plaintiff states he was released on parole in August 2004. Notwithstanding his assertions that he never received a copy of the final order and judgment entered on December 28, 2005, in 01-3181-SAC, it appears plainly evident that after his release from

4

confinement he faced no impediments to checking on the status of his civil action in which summary judgment motions had been pending at the time of his release.

Even if assistance with filing a notice of appeal in a civil action could be assumed as falling within the protective reach of Bounds, plaintiff clearly succeeded in filing such a pleading. A prisoner's constitutional right of access to the courts does not encompass any protection against the filing of legally insufficient pleadings.  "Bounds did not create an abstract, freestanding right to a law library or legal assistance, [and] an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense."  Lewis v. Casey, 518 U.S. at 351.  Nor does it appear there was any denial of requested assistance at the time plaintiff filed his notice of appeal in 01-3181-GTV.

Moreover, plaintiff acknowledges he was represented by appointed counsel in his pending Jackson County criminal case, notwithstanding plaintiff's bare claim that appointed counsel was unwilling to assist plaintiff in filing an appeal in 01-3181-GTV.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because no cognizable claim of being denied access to the courts is presented by plaintiff's allegations.[4]  See 28 U.S.C.

---

[4]Plaintiff is advised that dismissal under 28 U.S.C. 1915(e)(2)(B)(ii) will count as a "strike" under 28 U.S.C. 1915(g), a "3-strike" provision which prevents a prisoner from proceeding in forma pauperis in bringing a civil action or appeal if "on 3 or more prior occasions, while incarcerated or detained

1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

The clerk's office is to provide a copy of this order to plaintiff and to the Finance Officer where plaintiff is currently confined.

**IT IS SO ORDERED.**

DATED:  This 10th day of November 2005 at Topeka, Kansas.

                                   s/ Sam A. Crow
                                  SAM A. CROW
                                  U.S. Senior District Judge

---

in any facility, [the prisoner] brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."