```
           IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF KANSAS
```

**DORSEY DEAN ADAMS,**

                              **Plaintiff,**

       v.                                  CASE NO. 05-3409-SAC

**CHARLES CORNELL, et al.,**

                              **Defendants.**

<u>**O R D E R**</u>

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while plaintiff was prisoner. By an order dated November 10, 2005, the court directed plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii). On December 13, 2005, the court noted plaintiff's failure to file a response, and dismissed the complaint for the reasons stated in the order dated November 10, 2005.

    Before the court is plaintiff's response to the show cause order dated November 10, 2005. The court received and docketed plaintiff's response on December 16, 2005, three days after judgment was entered in this matter. Also before the court is plaintiff's motion for reconsideration, signed December 21, 2005, and docketed by the court on December 29, 2005.

    Because plaintiff states he is still a prisoner, the prisoner "mailbox rule" applies to the filing of his pleadings. *See e.g.* <u>Houston v. Lack</u>, 487 U.S. 266, 270 (1988)(pro se prisoner's

notice of appeal deemed filed when delivered to prison authorities for forwarding to district court). The court thus treats plaintiff's motion for reconsideration as a timely filed motion to alter and amend the judgment in this matter. *See* <u>Van Skiver v. U.S.</u>, 952 F.2d 1241 (10th Cir. 1991)(distinguishing motion to alter and amend judgment, Fed.R.Civ.P. 59(e), from motion for relief from judgment, Fed.R.Civ.P. 60(b)), *cert. denied* 506 U.S. 828 (1992).

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." <u>Servants of Paraclete v. Does</u>, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

The court also liberally construes plaintiff's pro se motion to alter and amend as incorporating the arguments and objections asserted in plaintiff's post-judgment response. Plaintiff cites difficulties encountered in filing a timely response to the November 10, 2005, show cause order, and reasserts arguments already considered by the court. Having carefully reviewed the record, the court finds plaintiff presents no basis for modifying or setting aside the judgment in this case.

Finally, before the court are plaintiff's motions for leave to proceed in forma pauperis in his appeal. Pursuant to 28

U.S.C. § 1915(b)(1), plaintiff must pay the full $255.00 filing fee in his appeal. If granted leave to proceed in forma pauperis, plaintiff is entitled to pay this appellate filing fee over time, as provided by payment of an initial partial appellate filing fee to be assessed by the court under 28 U.S.C. § 1915(b)(1) and by the periodic payments from plaintiff's inmate trust fund account as authorized in 28 U.S.C. § 1915(b)(2). Because any funds advanced to the court by plaintiff or on his behalf must first be applied to plaintiff's outstanding fee obligations,[1] the court grants plaintiff leave to proceed in forma pauperis on appeal without payment of an initial partial appellate filing fee. Once these prior fee obligations have been satisfied, however, payment of the full appellate filing fee in this matter is to proceed under 28 U.S.C. § 1915(b)(2).

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 10) is treated as a timely filed motion to alter and amend judgment, and is denied.

IT IS FURTHER ORDERED that plaintiff's motions (Docs. 17 and 18) for leave to proceed in forma pauperis on appeal are granted.

**IT IS SO ORDERED.**

DATED: This 1st day of February 2006 at Topeka, Kansas.

                                         s/ Sam A. Crow
                                         SAM A. CROW
                                         U.S. Senior District Judge

---

[1] *See* Adams v. Ost, Case No. 01-3181-SAC (remainder of $150.00 district court filing fee); Adams v. BAC, Inc., Case No. 03-3444-SAC ($150.00 district court filing fee); Adams v. Cornell, Case No. 05-3409-SAC($250.00 district court filing fee).